**BECHTEL NATIONAL, INC., Appellant,**

v.

**James G. ROCHE, Secretary of the Air Force, Appellee.**

No. 02–1317.

United States Court of Appeals, Federal Circuit.

DECIDED: April 16, 2003.

Before CLEVENGER, RADER, and LINN, Circuit Judges.

RADER, Circuit Judge.

Bechtel National, Inc. (Bechtel) filed a claim for $4,707,922 as equitable adjustment to its contract with the Air Force. After the contracting officer denied the claim, the Armed Services Board of Contract Appeals awarded Bechtel just $7,344 plus interest because a release in Contract Modification No. P00034 (Mod P00034) precluded full recovery. *Bechtel National, Inc.*, ASBCA No. 51589, 2001 WL 1526411 (Nov. 28, 2001). Because the Board correctly interpreted Mod P00034, this court *affirms.*

I.

The Air Force awarded a contract to Bechtel to produce and deliver underground storage facilities for nuclear materials at various bases in the United States and abroad. The original bid documents contained some errors and ambiguities that caused delays and cost run-ups in Bechtel's contract performance. For this reason, Bechtel completed First Article Test (FAT) and installation at Bases 1 and 3 behind the original schedule. After lengthy negotiations, Bechtel and the Air Force agreed in December 1991 to Mod P00034, which increased Air Force payments to Bechtel by $535,000. In October 1994, Bechtel submitted a request for equitable adjustment for $4,707,922 to the contracting officer. The contracting officer denied the claim and Bechtel appealed to the Board.

The Board reviewed documentary evidence and heard testimony from Air Force witnesses, Ms. Evans and Col. Schafer, and from Bechtel witnesses, Mr. Naventi and Mr. O'Leary. The Board held that Mod P00034 contains a release clause that precludes full recovery. Instead, the Board granted Bechtel $7,344 plus interest. Bechtel timely filed this appeal. This court has jurisdiction under 28 U.S.C. § 1295(a)(10) (2000).

II.

This court reviews the Board's interpretation of a contract *de novo.* 41 U.S.C. § 609(b) (2000). However, this court gives "careful consideration and great respect to a board's interpretation because legal interpretations by tribunals having expertise are helpful even if not compelling." *Fruin–Colnon Corp. v. United States,* 912 F.2d 1426, 1429 (Fed.Cir.1990). This court will only reverse a Board finding of fact if "fraudulent, or arbitrary, or capricious, or so grossly erroneous as to necessarily imply bad faith, or if such decision is not supported by substantial evidence." 41 U.S.C. § 609(b) (2000).

On appeal, Bechtel has challenged only the Board's interpretation of Mod P00034.

The Board considered sections 1(c) and 3 of Mod P00034:

1. The purpose of this modification is to make changes to the contract as follows:

    a. Establish CLIN 0060 to incorporate numerous ECPs, Video Switcher changes, and classified documentation for CCP.

    b. Increase ACRN AV for funding of CLIN 0060.

    *c. Include a release of claims clause to actions relating to the missed schedule for First Article Test and Installation of Bases 1 and 3.*

    . . . .

3. Release of Claims: This supplemental agreement constitutes full, complete, and final settlement, accord and satisfaction of any and all rights of either party to equitable adjustment pursuant to the "Changes" clause, or any other provisions of this contract, arising from or relating to the changes implemented by this supplemental agreement.

(Emphasis added.)

The Board interpreted the release clause of Mod P00034, section 3, to preclude any further recovery for delays and cost overruns on the First Article Test and installation at Bases 1 and 3. To reach this result, the Board read section 3 in light of its purpose as stated in section 1(c). Thus, Mod P00034 releases all claims relating to the missed schedule for FAT and installation at Bases 1 and 3. This court detects no error in that interpretation of Mod P00034. Indeed the phrase "changes implemented by this supplemental agreement" in section 3 refers to the intended release for FAT and Bases 1 and 3 expressed in section 1(c).

Any contention that the release clause in section 3 does not specifically refer to section 1(c) or the FAT and installation of Bases 1 and 3 would render section 1(c) meaningless. This court prefers to give "a reasonable meaning to all parts of the contract" rather than to "leave[ ] portions of the contract meaningless." *Fortec Constructors v. United States,* 760 F.2d 1288, 1292 (Fed.Cir.1985). For that reason, among others, the Board correctly discerned that the release in section 3 implements section 1(c). Section 1(c) states that the parties intended Mod P00034 to release all claims relating to the missed FAT schedule and installing Bases 1 and 3. Section 3 uses broad language to accomplish that intent. With section 1(c) supplying additional information about the scope of the agreement, section 3 releases any further claims to recovery for the missed schedule for FAT and installations at Bases 1 and 3.

The Board correctly found that Mod P00034 contains all the elements of an accord and satisfaction between the parties. Accord and satisfaction discharges a claim when "some performance different from that which was claimed as due is rendered and such substituted performance is accepted by the claimant as full satisfaction of his claim." *O'Connor v. United States,* 308 F.3d 1233, 1240 (Fed. Cir.2002). Accord and satisfaction requires four elements: (1) proper subject matter; (2) competent parties; (3) a meeting of the minds of the parties; and (4) consideration. *Id.* The parties' intent establishes a meeting of the minds. *Safeco Credit v. United States,* 44 Fed. Cl. 406, 419 (1999). The parties' intent in a Government contract is a factual question. *Dureiko v. United States,* 209 F.3d 1345, 1356 (Fed.Cir.2000). This case indisputably features proper subject matter and competent parties. Section 1(c) evinces the parties' mutual written intent to fully discharge the delay claims. Finally, the mutual release of claims in section 3 of Mod P00034 as well as the other terms of

the agreement supply consideration to both parties.

Interpretation of an unambiguous contract requires no extrinsic evidence. *SMC Corp. v. United States*, 230 Ct.Cl. 199, 675 F.2d 280, 284 (1982). This court finds no ambiguity in Mod P00034 regarding the intent of the parties. Nonetheless the Board considered extrinsic evidence and found that it corroborates the parties' intent as plainly stated in section 1(c) of Mod P00034. The Board considered testimony and contemporaneous documents and found that the parties intended Mod P00034 to release both parties from all claims relating to the schedule delay for completing FAT and installing Bases 1 and 3.

For example, the Board discounted as lacking credibility Mr. O'Leary's testimony that the release in Mod P00034 was limited to delay in installing a video switcher at Bases 1 and 3. Mr. O'Leary testified that after an impasse in the negotiation leading to Modification No. P00034, the discussions turned to the schedule slip caused by drawing problems. According to Mr. O'Leary, those discussions led to the release in Mod P00034, which, according to Mr. O'Leary, related only to video switcher installation. The Board found that the video switcher installation was unrelated to the drawing problems. Thus, the Board discounted Mr. O'Leary's testimony as inconsistent. This court sees no reason to question the Board's credibility determinations.

In sum, this court concludes that the Board correctly interpreted and applied Mod P00034. Thus, this court affirms the Board's decision.